**Tommy Clinton WILLIAMS,
Plaintiff–Appellant,**

v.

**CITY OF LAS VEGAS; Medcalf,
(FNU), Defendants–
Appellees.**

No. 00–17487.

D.C. No. CV–99–00425–PMP.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2001 *.

Decided March 13, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.

Before RONEY **, HUG and THOMAS, Circuit Judges.

MEMORANDUM ***

Plaintiff Tommy Clinton Williams appeals the grant of summary judgment to the Defendants in his 42 U.S.C. § 1983 and 28 U.S.C. § 1367 suit alleging that Defendant City of Las Vegas and its Correctional Officer Michael Medcalf violated his constitutional rights under the Eighth and/or the Fourteenth Amendments by subjecting him to excessive force as a pretrial detainee without due process of law,

and for negligence and battery. We affirm.

Williams was arrested by officers of the Las Vegas Metropolitan Police Department on two arrest warrants issued as a result of Williams' failure to complete a sentence previously imposed by the Las Vegas Municipal Court for two misdemeanor traffic violations. He was transported to the Las Vegas Department of Detention.

All of the police conduct that furnishes the basis for Williams' claims occurred at the Detention Center and was videotaped by the in-house surveillance cameras from three different positions. The District Court carefully set forth the claims and the evidence before it and concluded that "the evidence adduced (as compared to Plaintiff's unsupported allegations contained in his Complaint) does not support Plaintiff's Complaint that Officer Medcalf used excessive force against Williams during the booking process. *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Nor does the Court find that the use of waist and leg restraints employed in restraining Plaintiff Williams in the jail cell constitutes a violation of the Eighth Amendment. *LeMaire v. Maass*, 12 F.3d 1444, 1448 (9th Cir. 1993)."

The parties differ as to whether Williams' claims must be evaluated under Eighth Amendment standards or under Fourteenth Amendment standards. This Court does not need to resolve that issue because we find that the result is the same whether examined under the Eighth Amendment's excessive force standards applicable to prisoners or the Fourteenth

** The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Amendment's substantive due process standards applicable to pretrial detainees.

Section 1983 requires a claimant to prove that a person acting under color of state law deprived the claimant of a right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy,* 844 F.2d 628, 632–633 (9th Cir.1988).

The analysis of whether the actions of the City constitute a Fourteenth Amendment violation is informed by this Court's opinion in *White v. Roper,* 901 F.2d 1501 (9th Cir.1990). This Court stated that to show a violation of substantive due process, White must show "egregious government conduct in the form of excessive and brutal use of physical force." *Id.* at 1507 (citations omitted). We set forth a four-part test for determining whether such excessive force was used. The factors are: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; and (4) whether force was applied in a good faith effort to maintain and restore discipline. *Id.*

To demonstrate that the City's conduct violated the Eighth Amendment's prohibition against cruel and unusual punishment, Williams must show that the conduct was "unnecessary and wanton infliction of pain." *Jeffers v. Gomez,* 267 F.3d 895, 910 (9th Cir.2001) (citations omitted). Where a prison security measure is undertaken ostensibly for the protection of prison officials and the inmate population, force does not violate the Eighth Amendment so long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically for the very purpose of causing harm." *Id.* at 910–11 (citations omitted).

This Court has reviewed the record and the briefs of the parties. Since the briefs differed in describing the actions shown on videotape, we have carefully viewed the original videotape in Court conference. We conclude that the treatment of which Williams complains does not rise to the level required to state a constitutional violation. We conclude that the district court did not err in its evaluation of the evidence and pleadings before it, nor in its application of the law that applies to cases of this kind.

The videotape supports the district court's findings that Officer Medcalf did not slam Williams' head or body into a counter, wall or floor, and that Williams refused to stand still during the frisk search at the Detention Center. Given Williams' erratic and seemingly uncooperative behavior, the restrictions that Officer Medcalf placed on Williams were not unconstitutionally excessive. Rather, they were reasonably related to the City's legitimate interest in securing his appearance before the municipal court for a status check regarding the completion of his sentence. There is no evidence that Officer Medcalf applied the restrictions maliciously, or without a legitimate, good-faith intent to maintain discipline.

We hold that the district court did not err in finding that Williams' treatment was not in violation of the Constitution. This is true whether the record is reviewed under the Eighth Amendment's excessive force standards applicable to prisoners, or the Fourteenth Amendment's substantive due process standards applicable to pretrial detainees.

AFFIRMED.